Kevin J. Walsh (KW 6083)
Casey B. Howard (CH 4633)
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, New York 10022
(212) 947-4700 (Telephone)
(212) 947-1202 (Fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

BIODIESEL VENTURES, LLC,

                Plaintiff,

      - against -

CONVERGENCE NETWORK PTE LTD.,
ADVANCED ENGINEERING DEVELOPMENT LTD.
AND GLENCORE GRAIN B.V.,

                Defendants.

------------------------------------------------------------ x

08 CV _____
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, Biodiesel Ventures, LLC ("Biodiesel"), by and through its attorneys, Locke Lord Bissell & Liddell LLP, for its verified complaint against Convergence Network Pte Ltd. ("Convergence"), Advanced Engineering Development Ltd. ("Advanced") and Glencore Grain B.V. ("Glencore"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material herein, Plaintiff Biodiesel was and is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 5120 Woodway Drive #10010, Houston, Texas 77056.

3. Upon information and belief, at all times material herein, Defendant Convergence was and is a business entity organized under the laws of Singapore, with a principal place of business at 9 Temasek Boulevard, Suntec Tower 2 #19-05, Singapore 038989.

4. Upon information and belief, at all times material herein, Defendant Advanced was and is a business entity organized under the laws of Spain, with a principal place of business at UR. Guadalmina Alta Edf. Barclays Local 4, San Pedro 29678 Marbella Malaga, Spain.

5. Upon information and belief, at all times material herein, Defendant, Glencore was and is a business entity organized under the laws of England, with a principal place of business at Coolsingel 139, 3012 AG Rotterdam, The Netherlands.

6. On or about July 23, 2007, Biodiesel and Convergence entered into a contract for the sale by Biodiesel of approximately 3500 MT Biodiesel "B99" fuel to Convergence (the "Fuel Contract"). A true and correct copy of the Fuel Contract is annexed as Exhibit "1".

7. Under the terms of the Fuel Contract, Convergence was to wire transfer the funds for the fuel to Biodiesel's account specified in the Fuel Contract. Such transfer was to occur upon the presentation of documents set forth in the agreement by Biodiesel to Convergence. Title to the product was to pass from Biodiesel to Convergence upon receipt of cash payment in Biodiesel's account as specified therein.

8. As set forth below, Convergence has breached its obligations under the Fuel Contract by taking possession of the fuel without payment as required under such contract.

9. Further, as set forth below, Convergence's unlawful retention of Biodiesel's fuel and its attempt to sell Biodiesel's fuel to third parties constitutes a conversion of Biodiesel's property.

10. As a result of the foregoing, and as described below, Biodiesel has sustained damages in the principal amount of $2,404,500.00, exclusive of interest, costs and reasonable attorneys' fees.

11. Under the Fuel Contract and the terms incorporated under the Fuel Contract, Biodiesel is entitled to receive its interest, expenses and reasonable attorneys' fees for prosecuting its claims to completion, which amount is estimated to be $516,405, as set forth below:

    Interest:                            $216,405.00 ($2,404,500 x. 0.09/year x 1 year)

    Attorneys' Fees/Expenses:    $300,000.00

    Total:                              $516,405.00

12. Subsequent to execution of the Fuel Contract, upon information and belief, Convergence entered into an agreement with Defendant Advanced to sell all the fuel that was the subject of the Fuel Contract (the "Convergence Contract"). Thereafter, upon information and belief, Advanced entered into an agreement with Defendant Glencore to sell the same fuel (the "Advanced Contract").

13. Subsequent to the execution of the Fuel Contract, Biodiesel caused such fuel to be loaded on the ship Clipper Kylie for deliver to Rotterdam and delivery was accomplished. Thereafter, the required documents were presented for payment by Biodiesel, as required under the Fuel Contract. Biodiesel never received payment.

14. Not only had Biodiesel not received payment either at the time of the execution of the Convergence Contract or the Advanced Contract, Biodiesel has not received payment from any of the Defendants as of the date of this filing. Further, to the extent Convergence or Advanced represented to their respective buyers that either had title to the fuel, such was a misrepresentation because title remains in Biodiesel until such time as payment for the fuel is received.

15. On or about September 3, 2007, the bill of lading was delivered to Convergence by Biodiesel which subsequently delivered the bill of lading to Advanced. Upon information and belief, the subject fuel was subsequently delivered to Glencore's tanks.

16. Convergence is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit: funds or accounts held in the name of Convergence Networks PTE, Ltd., which funds are with, upon information and belief, the following financial institutions: JPMorgan Chase Bank, N.A.; Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; UBS AG; Wachovia Bank, N.A.; Societe Generale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

17. Advanced is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit: funds or accounts held in the name of Advanced Engineering Development Ltd., which funds are with, upon information and belief, the following financial institutions: JPMorgan Chase Bank, N.A.; Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank

USA, N.A.; UBS AG; Wachovia Bank, N.A.; Societe Generale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

18.     Glencore is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit: funds or accounts held in the name of Glencore Grain B.V., which funds are with, upon information and belief, the following financial institutions: JPMorgan Chase Bank, N.A.; Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; UBS AG; Wachovia Bank, N.A.; Societe Generale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

19.     This action is submitted in accordance with Rules B, C and D of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. §8.

20.     The Fuel Contract provides that, with respect to Lading Rules, "[a]s per FOFSA rules with arbitration for any disputes which cannot be settled amicably." (Fuel Contract, Ex. 1, p. 2, ¶ 5.)

## COUNT I

### Breach of Contract by Convergence

21.     Biodiesel incorporates by reference Paragraphs 1-20 above.

5

22.     Under the terms of the Fuel Contract, Convergence agreed to make payment for the quantity of fuel being delivered under the pertinent bill of lading and that such payment would be made upon presentment of the documents specified therein.

23.     Biodiesel has complied with all of its obligations under the Fuel Contract, including the presentment of the specified documents. All conditions precedent, if any, have been satisfied or have occurred.

24.     Convergence has failed to make payment for the delivery of such fuel which constitutes a breach of the Fuel Contract, as a result of which Biodiesel has been damaged and is entitled to bring this claim herein.

25.     As a result of the foregoing, Convergence is liable to Biodiesel in the principal amount of $2,404,500.00 exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 11).

## COUNT II

### Conversion by Convergence, Advanced and Glencore

26.     Biodiesel incorporates by reference Paragraphs 1-25 above.

27.     Convergence, Advanced and Glencore have been, and still are, exercising dominion and/or control over the fuel owned by and titled to Biodiesel, under the terms of the Fuel Contract.

28.     Although Biodiesel has repeatedly demanded payment for the fuel delivered by Biodiesel under the Fuel Contract, no payments have been received by any of these Defendants.

29.     The refusal to make such payment by Convergence, Advanced and Glencore while continuing to exercise dominion and/or control over the subject fuel is inconsistent with

Biodiesel's ownership rights. Such actions, under these circumstances, constitutes the tort of conversion.

30. As a result of the foregoing, Convergence, Advanced and Glencore are liable to Biodiesel in the principal amount of $2,404,500.00 exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 11).

WHEREFORE, Plaintiff Biodiesel Ventures LLC demands judgment as follows:

1. That process in due form of law according to the practice of this Court in the form of a writ of maritime attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of the Civil Procedure be issued against bank accounts and other property of Defendants Convergence Network Pte Ltd., Advanced Engineering Development Ltd. and Glencore Grain B.V. ("Glencore") with the financial institutions noted above in paragraphs 16-18;

2. That such Defendants and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of Biodiesel Ventures LLC and against the Defendants in the amount of $2,920,905.00 (including interest, expenses and attorneys' fees);

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against the subject fuel or its sale proceeds, in rem, pursuant to Rules C and D or the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

Case 1:08-cv-02426-LTS   Document 1   Filed 03/10/2008   Page 8 of 9

5. That notice of the commencement of this suit in manner approved by the Court be given to the owner, bailee or custodian of the fuel to any person, form or corporation which has recorded a notice of claim of any undischarged lien upon the fuel;

6. That if Defendants cannot be found within this District, then all of such absent Defendants' property of any description whatsoever located within this District be attached for up to the amounts sued for herein, and condemned and sold to pay the amounts due Plaintiff Biodiesel Ventures LLC; and

7. That this Court grant Plaintiff Biodiesel Ventures LLC such other and further relief which it may deem just and proper.

Dated: New York, New York
March 10, 2008

Respectfully submitted,
**LOCKE LORD BISSELL & LIDDELL LLP**

By: _____
Kevin J. Walsh (KW 6083)
Casey B. Howard (CH 4633)
885 Third Avenue, 26th Floor
New York, New York 11105
212.812.8304
Fax: 212.812.8364
Attorneys for Plaintiff Biodiesel Ventures, LLC

OF COUNSEL:

Kenneth E. McKay
**LOCKE LORD BISSELL & LIDDELL LLP**
600 Travis, Suite 3400
Houston, Texas 77002-3095
713.226.1127
Fax: 713.223.3717

5. That notice of the commencement of this suit in manner approved by the Court be given to the owner, bailee or custodian of the fuel to any person, form or corporation which has recorded a notice of claim of any undischarged lien upon the fuel;

6. That if Defendants cannot be found within this District, then all of such absent Defendants' property of any description whatsoever located within this District be attached for up to the amounts sued for herein, and condemned and sold to pay the amounts due Plaintiff Biodiesel Ventures LLC; and

7. That this Court grant Plaintiff Biodiesel Ventures LLC such other and further relief which it may deem just and proper.

Dated: New York, New York
March 10, 2008

Respectfully submitted,
**LOCKE LORD BISSELL & LIDDELL LLP**

By: _____
Kevin J. Walsh (KW 6083)
Casey B. Howard (CH 4633)
885 Third Avenue, 26th Floor
New York, New York 11105
212.812.8304
Fax: 212.812.8364
Attorneys for Plaintiff Biodiesel Ventures, LLC

OF COUNSEL:

Kenneth E. McKay
**LOCKE LORD BISSELL & LIDDELL LLP**
600 Travis, Suite 3400
Houston, Texas 77002-3095
713.226.1127
Fax: 713.223.3717

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Kevin J. Walsh.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a member of the firm of Locke Lord Bissell & Liddell LLP, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.


Dated: March 10, 2008
       New York, New York

                                                    _____
                                                            Kevin J. Walsh

ATTACHMENT #2

### Contract for Biodiesel "B99"

Date: Jul 23, 2007

We have the pleasure of confirming the following terms

| | |
|---|---|
| Seller | Biodiesel Ventures, LLC ("BV")<br>12927 Winerest Ct<br>Houston, TX 77429 |
| Buyer | Convergence Network Pte Ltd ("Convergence")<br>9 Temasek Boulevard<br>Suntec Tower 2 #19-05<br>Singapore 038989 |
| Quantity | 3,500 metric tons in total<br>5% more or less at Sellers option |
| Contract Price | US $687.00 per metric ton CIF Rotterdam |
| Payment terms | Net Cash via wire transfer against Presentation of Documents at a bank designated by Buyer and acceptable for Seller, on Vessel bound for Rotterdam, The Netherlands. Wire transfer to be made to:<br><br>JPMORGAN CHASE N.A<br>707 Travis St<br>Floor 9 North<br>Houston, TX 77002<br>Account Name: Biodiesel Ventures, LLC<br>Credit Account #: 707429312<br>Bank ABA#: 113000609<br>SWIFT Code: CHASUS33 |
| Documents | - Seller's commercial invoice of 1 original and 2 copies<br>- 1 original and 3 copies clean on board B/L<br>- Certificate of Origin issued by shipper's local Chamber of Commerce in 1 original and 3 copies<br>- Quality assurance certificate issued by first class independent surveyors at discharge port. Analyses to be based on samples drawn from the ship tank(s) at discharge port in one original and 3 copies and to evidence the actual results based on EN14214 specs (with exception of CFPP)<br>- Quantity assurance certificate issued by first class independent surveyors at discharge port |
| Title | Title to the product shall pass from the Seller to the Buyer on the Vessel upon cash receipt of payment. Seller shall have the responsibility for and assume any liability with respect to its delivery to Buyer at delivery point(s). Buyer shall have responsibility for and any liability with respect to said Product after its delivery to Buyer at delivery point(s). Seller warrants that it will have the right to convey and will transfer the good and merchantable title to all Product sold hereunder and delivered by it to Buyer, free and clear of all liens, encumbrances, and claims. |
| Packing | In bulk |
| Product | Palm Methyl Esters "B-99", EN14214 |

#2

|  |  |
|---|---|
| Origin: | Malaysia |
| Specs: | CFPP max +11 degrees Celsius (EN 116) |
|  | All other specifications have to be in line with EN 14214 |
| Ship Arrival | Arrival no later than second half of September, 2007 |
| Demurrage | As per charter party |
| Trading Rules | As per FOSFA rules with arbitration for any dispute |
|  | Which cannot be settled amicably |
| Other | Buyer acknowledges that this Product is being further sold to Advanced Engineering Development Ltd. ("Advanced"). Buyer represents and warrants that all of the Product related to this Confirmation is being sold directly to Advanced and any proceeds to be received by Buyer from Advanced will be paid directly to Seller pursuant to the wiring information above |

This contract confirms the parties understanding of the terms of this transaction and to the extent not in conflict with the terms set forth above, this contract is subject to the additional terms and conditions of the FOSFA 54 which terms and conditions are incorporated herein as part of this contract. This contract expressly limits acceptance to the terms and conditions stated herein, supersedes any and all prior agreements and understandings, written or oral, between the parties, and may not be changed unless expressly assented in writing by the parties hereto.

Please confirm your acceptance of the foregoing by returning a countersigned copy of this contract by mail to the address indicated above.

Notwithstanding the foregoing, if within 48 hours from receipt of this contract you have neither objected in writing to the terms hereof, nor proffered terms contrary hereto which are accepted in writing by Biodiesel Ventures, LLC then the terms of this contract shall constitutes the binding agreement between parties in respect to the subject matter above.

Biodiesel Ventures, LLC                                   Commerce Network Pte Ltd

Name/Title: GERARDO MANALAC/                Name/Title: LUKE NG
AUTHORIZED REPRESENTATIVE                  AUTHORISED REP.