UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
BIODIESEL VENTURES, LLC,

       Plaintiff,         08 CV _____
                      ECF CASE

   - against -

CONVERGENCE NETWORK PTE LTD.,
ADVANCED ENGINEERING DEVELOPMENT LTD.
AND GLENCORE GRAIN B.V.,

       Defendants.
-------------------------------------------------------------- x

## DECLARATION IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

  **CASEY B. HOWARD**, an attorney duly admitted to practice law in the State of New York, hereby makes the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

  1. I am a member of the law firm of Locke Lord Bissell & Liddell LLP, counsel for Plaintiff.

  2. I submit this declaration in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### THE DEFENDANT IS NOT WITHIN THIS DISTRICT

  3. I have attempted to locate the Defendants, Convergence Network Pte LTD., Advanced Engineering Development Ltd. and Glencore Grain B.V., within this District. As part of my investigation to locate the Defendants within this District, I checked the white and yellow

pages for New York listed on the Internet, and did not find a listing for any of the Defendant. I also checked the New York State Department of Corporations' online database which showed no listing or registration for any of the Defendants. I was also unable to find any information to indicate that any of the Defendants have a general or managing agent within the District.

4. I submit that Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

5. Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within the District subject to the jurisdiction of this Court.

PRAYER FOR RELIEF FOR AN ORDER ALLOWING SPECIAL PROCESS SERVER

6. Plaintiff seeks an Order, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, appointing Kevin J. Walsh, Casey B. Howard or any other partner, associate, paralegal or other agent of the New York Office of LOCKE LORD BISSELL & LIDDELL LLP to serve the Verified Complaint, Process of Maritime Attachment and Garnishment, Interrogatories or other process in this action upon the garnishee(s) who, based upon information and belief may hold assets of, for or on account of the Defendant.

7. Plaintiff seeks this Order to serve the Process of Maritime Attachment and Garnishment with deliberate speed in order to fully protect itself against the potential of being unable to satisfy any judgment or award obtained by Plaintiff against Defendants.

8. To the extent that Plaintiff's Application for an Order appointing a special process server does not involve the restraint of physical property, service does not need to be effected by the Marshal's Office. Service sought to be carried out by Plaintiff is the delivery of the Process of Maritime Attachment and Garnishment to the various garnishees identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9. Plaintiff further requests that this Court grant it leave to serve any additional garnishee(s) who may, upon information and belief, obtained in the course of this litigation, to be holding or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishee(s) will allow for prompt service of the Writ of Maritime Attachment and Garnishment without the need to present to the Court amended Process to add future identified garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10. Plaintiff also respectfully requests that the Court grant it leave, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial in personam service.

11. This is Plaintiff's first request for this relief made to any court.

Dated: New York, New York
       March 10, 2008

_____
Casey B. Howard